### No. 2,261.

#### MITCHELL GOLDSTONE et al., APPELLANTS, v. A. SPERLING, RESPONDENT.

NEW TRIAL.—SURPRISE.—Where an attorney has notified his client that unless his fees are paid he will abandon his case, and the client has failed to pay the fees, he is not entitled to a new trial on the ground of surprise by the non-attendance of his attorney at the trial.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The facts are stated in the opinion.

*Wm. P. Daingerfield* and *Warren Olney*, for Appellants.

The first inquiry which Courts should make before granting a new trial, is, Was there diligence used in preparing for the trial of the case? If not, we hold that no inquiry should be made into the merits of the case. In *Schellhouse* v. *Ball* (29 Cal. 608), which is a leading case on the subject, Justice Sanderson, delivering the opinion of the Court, uses this language: "A party claiming to have been injured must show that the surprise has not resulted, in *any degree,* from his own fault or negligence, and must, *in addition,* claim his relief at the earliest opportunity." It is not *accident or surprise alone* which entitles a party to a new trial, but accident or surprise which ordinary prudence could not have guarded against. (Practice Act, Sec. 193, 3d Subd. ; *Patterson* v. *Ely,* 19 Cal. 28 ; *Brooks* v. *Lyon,* 3 *Id.* 113 ; *Rogers* v. *Hine,* 1 *Id.* 429.)

In *Williams* v. *Price* (11 Cal. 213), the decision is, that there must be a diligence, "unmixed with *any* negligence," on the part of the party asking it. To the same effect is

(T.)

*Cook* v. *De la Guerra* (24 Cal. 237); *Casement* v. *Ringgold* (28 *Id.* 335); *Mulholland* v. *Heyneman* (19 *Id.* 605.)

In *Washer* v. *White* (16 Ind. 136), it is held that a party is not diligent who neither attends Court himself nor procures the attendance of witnesses, nor ascertains that his attorney is informed of the grounds of his defense, and is not entitled to a new trial on the ground of surprise. (*Desnoyer* v. *McDonald*, 4 Minn. 515.)

    *Quint & Hardy*, for Respondent.

Motions for a new trial, on the ground of surprise, are addressed to the sound discretion of the Court; and if it satisfactorily appears that, to promote the ends of justice, an opportunity should be presented for the introduction of the testimony, the Court will furnish it by setting aside the judgment and granting a new trial. (*Tyler* v. *Hornbeck*, 48 Barb. 197; *Bailey* v. *Kay*, 50 *Id.* 110; *Clark* v. *Gridley*, 35 Cal. 398.)

RHODES, C. J., delivered the opinion of the Court:

The defendant was notified by his attorney, that unless his fees were paid, he would not further conduct the defense to the action; and the fees not being paid, he gave no further attention to the case. The defendant neither retained another attorney nor appeared in the action in person. This was gross negligence on his part, and he was not entitled to a new trial, on the ground that he was surprised by the non-attendance of his attorney, when the cause was called for trial.

Order reversed and cause remanded.